H. B. SPRUILL AND WIFE, NANCY T. SPRUILL, AND A. E. BOWEN, JR., AND WIFE, ANNA BELLE BOWEN v. J. C. WHITE.

(Filed 28 September, 1960.)

**Deeds § 19—**
Where the owner of a subdivision containing some 117 lots sells the lots therein with reference to a plat containing no notation that the lots were to be subject to restrictions, the fact that his deeds to 20 of the lots contained restrictions limiting the use of the property to residential purposes does not impose such restriction on the other lots sold by deeds containing no such restriction.

APPEAL by defendant from judgment of *Parker, Resident Judge,* entered August 20, 1960, in Chambers, in action pending in BERTIE Superior Court.

Civil action for specific performance.

Defendant, having contracted to purchase from plaintiffs Lots 35, 36, 51, 52 and a part of Lots 34 and 53, as shown on map of Spruill Park Development, refused to accept the tendered deeds and to pay the agreed purchase price solely on the asserted ground that plaintiffs' said lots were encumbered by restrictions limiting the use thereof to residential purposes.

The court, upon waiver of jury trial, made findings of fact based on admissions in the pleadings and stipulations of the parties. The (undisputed) facts necessary to decision are set forth below.

A tract of land, subsequently subdivided as shown on said map, was acquired by C. W. Spruill in 1944. The said plat, on which some 117 lots appear, "shows no scheme or purpose of limiting the said property to a residential development or other conditions or restrictions of any nature." All lots shown on said plat have been conveyed by C. W. Spruill. His deeds for twenty (20) of said lots "contained restrictions limiting the use of the lots therein conveyed to residential purposes." His deeds for the remaining lots "contained no language limiting the use of said lots to residential purposes."

The deeds from C. W. Spruill to plaintiffs or their predecessors in title for the lots here involved and now owned by plaintiffs in fee simple "contain no language specifically limiting the said property to use for residential purposes or other use."

It was adjudged that plaintiffs own their said lots in fee simple, free from any restriction or condition limiting the use thereof to residential purposes, and that defendant accept the tendered deeds and pay the purchase price.

Defendant excepted and appealed.

*Pritchett & Cooke for plaintiffs, appellees.*
*Gillam & Gillam for defendant, appellant.*

PER CURIAM. None of the deeds constituting plaintiffs' chains of title contains any restriction purporting to limit the use of the property conveyed thereby to residential purposes. Nor does the recorded plat bear any notation indicating that lots appearing thereon are to be sold subject to such restriction. Moreover, it does not appear, and defendant does not contend, that the deed for any of the twenty lots conveyed subject to such restriction contains any provision pur-

---

---

porting to subject C. W. Spruill's remaining property to such restriction or to obligate him to convey his remaining property subject to such restriction. (See *Reed v. Elmore,* 246 N.C. 221, 98 S.E. 2d 360.) In short, nothing in this record shows that a restriction limiting the use thereof to residential purposes was ever imposed at anytime or in any manner on plaintiffs' lots. See *Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197. Hence, the judgment of the court below is affirmed.

Affirmed.